No. 4.—John Rozar and Joseph King, plaintiffs in error, *vs.* James C. Burns, defendant in error.

[1.] When the evidence is conflicting upon the main question in controversy between the parties, a new trial will not be granted.

[2.] It is not error for the Court to omit to charge the Jury on a particular point in the cause, when not *requested* to do so at the trial.

Complaint for debt, in Twiggs Superior Court. Tried before Judge Powers. September Term, 1852.

This was an action of debt, brought by James C. Burns against John Rozar as principal, and Joseph King security, on a promissory note for $1094 00, dated the 18th July, 1845, and due the 1st day of January following, and payable to the plaintiff.

To this action the defendant Rozar filed the plea of usury.

Rozar *et al. vs.* Burns.

On the trial, the plaintiff gave in evidence the note on which the action was predicated, and closed.

The defendant Rozar submitted in evidence twenty-five thirty dollar notes, and one for ten dollars and fifty-five cents, all made by the defendant Rozar, payable to the defendant King, all dated the 18th day of March, 1841, and due on the 1st day of January, 1842.

The defendant Rozar then read in evidence the answers of plaintiff and King to a bill of discovery, filed in aid of his defence, againt Burns and King, each of whom stated in substance that Burns had no connection with or interest in the small notes; that the note sued on of $1094, was given for loaned money, under the following circumstances: Rozar was indebted to King, and was unable to pay him. King desired to purchase land, and for that purpose needed the money, and at the *request of Rozar*, King applied to Burns to loan Rozar the money. Burns proposed to loan it to Rozar, provided King would become his security. King procured Rozar to give the note sued on, and he signed as security, and Burns subsequently paid him in money and *bona fide* the full amount of said note, without reserving or expecting any usurious interest thereon.

In his amended answer, King admitted that he had reserved in said small notes interest at and after the rate of twelve and a half or sixteen per cent. per annum.

The defendant read in evidence the testimony of John L. B. Rozar and Robert Rozar, taken by interrogatories, who swore, "that on the day the note sued on was given, the defendant King came into the field where witnesses and defendant Rozar were at work, and stated that he wished Rozar to renew his notes. The $1094 00, was then and there written, and signed by defendant Rozar and given to King in renewal, and in lieu of the small notes read in evidence. King also signed it. Burns was not present. The original consideration of the small notes was $400 00. The large note was given on the 18th day of October, 1845."

The Court charged the Jury, "That if they believed from

the testimony, King was the agent of Rozar in the transaction, and Burns loaned the money *bona fide* to King as the agent of Rozar, and that it was not a shift and device to evade the Statute of usury, they should find the full amount of the note for plaintiff.

To which charge counsel for defendant excepted.

The Jury found a verdict for the plaintiff, for the full amount of the note.

Whereupon counsel for defendant moved the Court for a new trial, on the following grounds—

1st. Because the Jury found contrary to law.

2d. Because the Jury found contrary to evidence, justice and the equity of the case.

3d. Because the Court erred in his charge to the Jury.

4th. Because the Court erred in omitting to charge the legal effect of the transaction, if they should believe the facts offered in evidence.

Which motion was overruled by the Court, and these decisions and ruling, are brought up for review.

ROCKWELL & SCARBOROUGH, for plaintiff.

I. L. HARRIS & HILL, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] There is no doubt that there was *usury* in the small notes executed by Rozar to King, and the only question is, whether the large note for $1094 00, executed by Rozar, payable to Burns, was in fact, given for the *renewal* of the small notes, or whether it was given for money *loaned* on the part of Burns, so as to enable Rozar to take up the small notes given by him to King. In regard to this feature of the case the evidence is *conflicting*.

There is evidence in the record that Rozar *requested* King to apply to Burns for a loan of the money to enable him to pay off the notes due King; that King did so make applica-

tion to Burns, and Burns agreed to loan Rozar the money if King would sign the note as security, which he did, and with the money so obtained from Burns, the small notes were paid off. That is the history of the transaction, as given by King and Burns, whose answers were read in evidence by the defendant at the trial. The defendant proves by his two sons, who were present when the large note was executed, though made payable to Burns and signed by King as security, without the request of defendant, was given in renewal of the small notes. Upon this state of facts, the Court charged the Jury, "that if they believed from the testimony King was the agent of Rozar in the transaction, and Burns loaned the money *bona fide* to King as the agent of Rozar, and that it was not a shift and device to evade the Statute of usury, they should find the full amount of the note for the plaintiff." There is evidence in the record of the *agency* of King in procuring the loan of the money from Burns; for King states in his answer, "that at *the request* of Rozar he made application to Burns to borrow the sum of money actually loaned by him for said Rozar."

[2.] There was *no request* made for the Court to charge the Jury on the point which it is now insisted the Court committed error in *omitting* to charge the Jury. We find no error in the charge of the Court, and no error in the refusal of the Court to grant a new trial. The evidence was *conflicting* upon the main question in controversy between the parties, and the Jury were the proper judges of the *credibility* and *effect* of the testimony submitted to them. Although, in our judgment, Burns may have loaned the money *bona fide*, yet, it is not so clear that King was altogether *blameless* in regard to the *usury* in the small notes: but that was a question for the Jury, and they have decided it; and according to the facts disclosed in this record, we have no legal authority to interfere with their verdict.

Let the judgment of the Court below be affirmed.